HIRAM TRICORD, Appellee, v. CHICAGO, MILWAUKEE & ST. PAUL RAIL-ROAD COMPANY, Appellant.

Counterclaim : EVIDENCE : WITHDRAWAL OF DENIAL : JUDGMENT.

*Appeal from Cerro Gordo District Court.*—HON. J. C. SHERWIN, Judge.

FRIDAY, MAY 15, 1891.

THIS case was brought before the district court on a writ of error to C. C. TUPPER, justice of the peace. sued out by the defendant, and is appealed to this court by the defendant on certificate of the trial judge.—*Affirmed.*

*George E. Clarke*, for appellant.

*J. J. Clark*, for appellee.

GIVEN, J.—The questions certified are as follows: "The plaintiff sued the defendant to recover twenty-four dollars as damages for hay alleged to have been destroyed by a fire started by one of the defendant's engines in the operation of its railway. The defendant pleaded a general denial and that the fire did not occur through any negligence

on its part; also a counterclaim for sixty dollars alleged to be due from the plaintiff to the defendant for freight for a carload of hogs shipped by the plaintiff to Chicago over defendant's line of railway, which sum the plaintiff promised and agreed to pay, and had neglected to pay. A denial to the counterclaim was pleaded by the plaintiff. On the trial of the cause the defendant called the plaintiff as a witness on its behalf to prove the allegations of said counterclaim, and the plaintiff denied the same. Thereupon, the defendant announced it had no further evidence in attendance to prove its counterclaim on that trial. Thereupon the plaintiff withdrew his denial of the counterclaim, and moved the court to dismiss the counterclaim, because defendant had not produced any evidence to prove the same. The defendant objected to said proceedings, and excepted thereto."

The justice sustained said motion, and entered a dismissal of the defendant's counterclaim, to which the defendant excepted; and thereafter said justice proceeded to enter judgment on the plaintiff's claim against the defendant for twenty-four dollars and costs. *First.* Did the justice err? *Second.* A writ of error having been sued out by defendant, should the same be sustained by the district court, and the action of the justice set aside and reversed? Or, *third*, should said writ of error be dismissed, and the action of the justice affirmed?

If the action of the justice rested upon the pleadings alone, we think it would be evident that he erred in dismissing the counterclaim. By withdrawing the reply, the counterclaim stood admitted, except as to the amount, and, in the absence of any proofs the defendant would be entitled to recover a nominal sum thereon. Such, however, is not the case presented in the certificate. Issue was joined on the counterclaim. and both parties fully heard in their proofs, and the defendant failed to sustain the counterclaim in any respect. Under the case as it thus stood the defendant was not entitled to even a nominal recovery on the counterclaim, and the judgment must have been just what it is. Viewing the proceedings of the justice as such proceedings should be viewed, we think it may be said that his action was equivalent to finding against the defendant on the counterclaim. He evidently dismissed the counterclaim, because, under the evidence, the defendant was not entitled to recover anything thereon, not even a nominal sum. The judgment rendered is not only against the defendant on the plaintiff's claim, but also upon the counterclaim, and is just such a judgment as the state of the case called for. It would be applying entirely too technical a view to the action of the justice to say that, because of the withdrawal of the reply, he should have allowed a nominal sum upon the counterclaim, when the parties had submitted it upon proofs that failed to show that even a nominal sum was due. The law does not encourage such technical practice as was resorted to. The case was fully submitted, and ready for decision, and a judgment entered in accordance with the facts. We may well hold that the judgment was upon the issues as they were joined.

It follows from this conclusion that the defendant's remedy was by appeal; that there was no prejudicial error in the action of the justice for which a writ should have been allowed; and, therefore, the writ was properly dismissed, and the action of the justice AFFIRMED.